The opiidon of the Court was drawn up by
May, J.
Assumpsit upon a note for $9350,99, payable *268 to the plaintiffs and dated May 31, 1856. The note in suit appears to have been given for a former note dated April 1, 18541 The defence is a want of consideration, and -that the note is void, it having been given for an illegal purpose and in violation of our statutes.
The defendant was a witness, and while upon the stand was asked by his counsel, "for what purpose the said note of 1854 was given and taken ?” This question being objected to, the presiding Judge ruled it'to be inadmissible, if the purpose was to show the note was given to increase the apparent assets of the bank. The counsel in defence had before stated that they proposed to prove that the note was given without any consideration, and for the purpose of increasing the apparent assets of the bank, and to exhibit to the Bank Commissioners as assets, whereas it had no foundation in fact, and was to be given up to the defendant. This testimony was rejected. The defendant’s counsel then offered to prove by the defendant, among other things, that he made the note of April 1, 1854, and gave it to Mr. Crockett, (who was then-the president of the bank, and acting as its agent,) with the express understanding that it was to be used only to exhibit to the Bank Commissioners, and not be regarded in payment of any notes, or for other consideration. This testimony «was also rejected. That the testimony offered, as well as that sought by the preceding question, would have tended strongly to show not only a want of consideration for the note, but that it was given in fraud of the law, and for an illegal purpose, cannot for a moment be doubted. That such a transaction would be against public policy,-and in violation of our statutes relating to the management of our banking institutions, is equally clear. That a note so given and received would be without consideration and void as between the parties to it, is beyond all question.
It was held by this Court, in the case of the Agricultural Bank v. Robinson & al., 24 Maine, 274, that a note made to a bank without consideration, for the purpose of enabling *269 the corporation, by including it as a part of its funds, to make a colorable and false statement of its actual condition, was void, and an action could not be maintained upon it by the promisees. tAai agreement between two parties to deceive and defraud a third, does not constitute a valuable consideration between themselves.
The facts, then, which were attempted and offered to be proved, wore clearly admissible, and the only question is, whether the defendant was a competent witness to testify to them. Tt is suggested that the note in suit, as well as the one for which it was given, being negotiable, the law will not permit the maker to show by his own testimony, that these notes were originally given for an illegal purpose, or consideration. If the note of April 1, 1854, was given for an illegal purpose, or without consideration, then the note in suit must be affected with the same infirmity. The first was the only consideration for the last. But the rule, that the maker of a negotiable note shall not be permitted to show by his own testimony that the note, or its consideration, was illegal at its inception, does not apply to cases like the present, where the action is brought by a party to the note with whom the illegal contract was made. The rule was adopted from principles of public policy and for the protection of innocent holders for value; but so long as the note is in the hands of the original payee, or other person who was a party to the fraud or illegality, the maker is a competent witness to prove the facts. Van Shaack v. Stafford, 12 Pick., 565 ; Darling v. March, Ex’r, 22 Maine, 184. The presiding Judge, therefore, erred in rejecting such evidence of the defendant as tended to show a corrupt agreement between Crockett, as the agent of the bank, and the defendant, alleged to have been made when the note of April 1, 1854, was given, for the purpose of deceiving the Bank Commissioners, and stockholders and bill holders of the bank.
It further appears from the case, as made up, that the plaintiffs put in evidence certain books of theirs, which had *270 been kept by one William L. Pitts, while he was their cashier, and upon which were certain figurings and pencil-lings in the handwriting of said .Pitts. They also called one A. D. Nichols, their present cashier, and asked him to point out in the books, to the -jury, what notes made up the sum of $5183,01, being the amount of a check drawn by the defendant on his deposits, May 2d, 1849, to pay his notes in the bank. The witness''replied that he could not tell, except by inference and presumption arising from coincidence of figures. The testimony asked was objected to, but admitted, and the witness was thereupon permitted to make the statements desired. This was irregular. - It was wholly inadmissible for the witness to state his inferences and presumptions, arising from what appeared upon the books. By the well established rules of law, these were exclusively for the jury.
There are many other questions, raised upon the exceptions, mostly relating to the admissibility of certain evidence, which have been argued by the counsel on both sides, but; inasmuch as it appears from the points already considered, that a new trial-must be granted, we-deem it unnecessary to discuss them at this time.
-j’Exceptions sustained. — New trial granted.
Tenney, C. J., Rice, Cutting, and Davis, JJ., concurred.